SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 0 9 2011, ★

LONG ISLAND OFFICE

Steven A. Morelli
Joshua Beldner (JB-2182)
The Law Office of Steven A. Morelli, P.C.
1461 Franklin Avenue
Garden City, New York 11530
P (516)393-9151
F (516)280-7528

*Attorneys for Plaintiffs*

**CV 11 2776**

**SEYBERT, J.**

**TOMLINSON, M**

UNITED STATES DISTRICT COURT
FOR THR EASTERN DISRICT OF NEW YORK
-------------------------------------------------------------------X
WILLIAM DECAMP, and EDWINA HATAIER,

                                        Plaintiffs,

        -against-

PECONIC BAY MEDICAL CENTER,

                                        Defendant.
-------------------------------------------------------------------X

**VERIFIED
COMPLAINT**

*Jury Trial Demanded*

Plaintiffs WILLIAM DECAMP and EDWINA HATAIER, by and through their

attorneys, THE LAW OFFICE OF STEVEN A. MORELLI, P.C., respectfully allege,

upon knowledge as to themselves and their own actions, and upon information and belief

as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      In 1989, Plaintiff William DeCamp began working for Central Suffolk Hospital

(later renamed Peconic Bay Medical Center, and hereinafter referred to as

"Peconic Bay") as the Program Director of its Radiology School. In 1990,

Plaintiff Edwina Hataier began working at Peconic Bay. Over the next 20 years,

Ms. Hataier worked full time for Peconic Bay, both as a technologist and as a

clinical instructor for the hospital's Radiology School.

2.      Over the course of their employment, Plaintiffs proved themselves as capable and dependable employees, and excellent teachers. Indeed, throughout their tenure at Peconic Bay, Mr. DeCamp and Ms. Hataier received only positive performance evaluations.

3.      However, in 2009, after Mr. Artie Crowe was appointed as Supervisor of the Radiology Department, he began making disparaging and derogatory comments about Plaintiffs' age. For example, Mr. Crowe asked, "What is [Ms. Hataier] confused . . . because of her age?" Similarly, Crowe was also overheard saying that Mr. DeCamp was "too old," and "too old fashioned."

4.      In February 2010, despite his outstanding performance at Peconic Bay, Mr. DeCamp was terminated from employment. Less than seven months later, Crowe terminated Ms. Hataier, telling the 66-year-old instructor that after more than 20 years of dedicated service, she "just didn't fit the image of the new school."

5.      As more fully set forth below, Defendant Peconic Bay, in discriminating against, and terminating Plaintiffs on the basis of their age, violated the Age Discrimination Act of 1967 (29 U.S.C. § 631 et seq.), and New York State Executive Law § 296.

## JURISDICTION AND VENUE

6.  This Court has original jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 & 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiffs and Defendant.

7.  Venue is proper in this case pursuant to 28 U.S.C. § 1391 because (1) the Defendant is located in Riverhead, NY, which is located in the Eastern District of New York, and (2) the events which give rise to the Plaintiffs' claims took place in Suffolk County, which is located in the Eastern District of New York.

8.  All conditions precedent to filing suit have been fulfilled. On October 12, 2010, Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission. The charge was cross-filed with the New York State Division of Human Rights. On April 15, 2011, the EEOC issued Plaintiffs Notices of Right to Sue. Annexed hereto, and hereby incorporated into this Complaint, as **Exhibit A**, is a copy of the Mr. DeCamp's Notice of Right to Sue. Annexed hereto, and hereby incorporated into this Complaint, as **Exhibit B**, is a copy of the Ms. Hataier's Notice of Right to Sue.

9.  This action was filed within 90 days of Plaintiffs' receipt of the Notice of Right to Sue.

## PARTIES

10. Plaintiff WILLIAM DECAMP is a 58-year-old man, who is a resident and domiciliary of Suffolk County, New York. At all times relevant to this charge, Mr. DeCamp was an "employee" of Peconic Bay Medical Center, as that term is defined by the ADEA, and New York State Executive Law § 296.

11. Plaintiff EDWINA HATAIER is a 67-year-old woman, who is a resident and domiciliary of Suffolk County, New York. At all times relevant to this charge, Ms. Hataier was an "employee" of Peconic Bay Medical Center, as that term is defined by the ADEA, and New York State Executive Law § 296.

12. Peconic Bay Medical Center is a non-profit medical center, located in Suffolk County, New York. It employs approximately 1000 people. At all times relevant to this charge, Peconic Bay was Plaintiffs' "employer," as that term is defined by the ADEA, and New York State Executive Law § 296.

## FACTUAL ALLEGATIONS

### *Background*

13. In 1979, Mr. DeCamp received a Bachelor of Science in Radiological Technology from Long Island University, and a specialized American Registry of Radiologic Technologist (ARRT) Certificate in Radiology from the Veteran's Affairs Hospital in Northport, Long Island.

4

14. From 1979-1989, Mr. DeCamp worked as a Computerized Axial Temography (CAT) Scan technologist at St. Charles Hospital on Long Island.

15. In 1989, Mr. DeCamp became aware that there was an open position at Peconic Bay (then Central Suffolk) for Program Director of its Radiology School. Plaintiff applied, was interviewed, and was hired.

16. As Program Director, Mr. DeCamp was responsible for the day to day administration of the program, and ensuring accreditation compliance with the Joint Review Committee on Education in Radiologic Technology (JRCERT). Mr. DeCamp also taught several courses, including anatomy and physiology, radiographic technique, hospital administration, and medical/surgical procedures.

17. From 1980-1988, Ms. Hataier worked as a medical assistant in two doctor's offices. In 1988, she decided to pursue a career in Radiology.

18. In 1990, Ms. Edwina Hataier graduated from the Peconic Bay's Radiology program, which was being run by Mr. DeCamp.

19. Ms. Hataier graduated at the top of her class, and as a result, was awarded with a job as an X-Ray Technologist. Of the students who graduated from the program, Ms. Hataier was the only one who was immediately hired by Peconic Bay.

Additionally, Ms. Hataier was also awarded a position as teaching instructor and clinical coordinaor in the Radiology program.

20.   For the next twenty years, Mr. DeCamp and Ms. Hataier ran the Radiology program at Peconic Bay.

21.   Over the course of their employment, Plaintiffs made sure that the school's program always maintained accreditation with JRCERT. Since Mr. DeCamp took over in 1989, the school remained properly accredited. Additionally, the program's graduating students typically passed the Radiology Boards (ARRT exams) at a high rate.

22.   Plaintiffs also maintained a good working relationship with fellow employees and instructors, and were well liked and respected by their students. Over the course of his employment, Mr. DeCamp and Ms. Hataier received exclusively positive performance evaluations.

23.   In 2000, JRCERT decided that Program Directors for all accredited programs would need to hold Master's Degrees. The Master's requirement would have to be met by all accredited programs by 2009. Petitioner spoke with Ms. Hataier and other Administrators at the hospital, and it was agreed that she would obtain a Master's degree by 2009, and that she would switch positions with Mr. DeCamp.

Thus, Ms. Hataier would become Program Director, and Mr. DeCamp would remain as instructor.

24.    In 2000, Mr. DeCamp accepted the position of Administrator of the Radiology Department. At the time, the Radiology School was a part of the Radiology Department, so Mr. DeCamp was still able to teach courses and run the school.

25.    From 2000-2002, while Ms. Hataier technically held the title of Program Director, Mr. DeCamp remained intimately involved in the day to day operations and management of the school.

26.    In 2003, Peconic Bay hired a new Chief Executive Officer, who made substantial personnel changes at the hospital. One of the changes was appointing Mr. Artie Crowe to be Administrator of the Radiology Department, and re-assigning Mr. DeCamp as Program Director of the school. Ms. Hataier was temporarily laid off from Peconic Bay, but continued to work per-diem hours.

27.    From 2003-2004, Mr. DeCamp essentially ran the school on his own, both administering the program and teaching courses. In 2004, Ms. Hataier returned to Defendant as Instructor/Clinical Coordinator at the school.

28.    In or around 2009, Mr. Artie Crowe was given a promotion. He was now given supervisory powers over not only the Radiology Department, but the Radiology School as well. Thus, Mr. Crow now became Mr. DeCamp's direct supervisor.

### *Discriminatory Termination*

29.    Immediately upon his promotion, Mr. Crow began making disparaging comments about Plaintiffs' age, and their ability to teach.

30.    For example, Mr. Crowe was overheard stating that Mr. DeCamp was "too old," that he "didn't want to learn anything new," and that he "was too old-fashioned."

31.    Any comments suggesting that Mr. DeCamp was an ineffective teacher are simply absurd.  The success rates of DeCamp's students demonstrated that he was still, even in his "old age," an excellent teacher.

32.    Mr. Crowe also made disparaging statements about Ms. Hataier's age. On one occasion, Mr. Crowe asked Mr. DeCamp, "Why did [Edwina] do that? What is she confused . . . because of her age?"

33.    While Plaintiffs were offended by these discriminatory remarks, they said nothing out of fear of angering Mr. Crowe and losing their job.

34.     In January 2009, Ms. Hataier obtained a Master's Degree, and took over as Program Director, as was planned. Mr. DeCamp maintained his position as clinical instructor.

35.     In October 2009, the two of them worked on an interim report to submit to JRCERT in order to maintain the school's accreditation. The school received the maximum continuation period of four years.

36.     In February 2010, Mr. Crowe called Mr. DeCamp to his office. Mr. Crowe told Petitioner was that "things weren't working out," and that he was terminated, effective immediately.

37.     Mr. DeCamp was stunned, and began to ask for an explanation. A Human Resources representative who was present told him that the decision was made, and that nothing he could say would change matters. After twenty years of service, Mr. DeCamp was escorted from the building.

38.     Ms. Hataier was shocked, as it was Mr. DeCamp who helped build the school into the strong program it is today. Nevertheless, from February 2010 to April 2010, Ms. Hataier remained Program Director of the school.

39.     However, in May 2010, Peconic Bay, at the direction of Crowe, hired Frank Zeleski to be its new Program Director. Ms. Hataier was demoted to clinical

instructor. Frank Zaleski is over 30 years younger than Ms. Hataier. In fact, Ms. Hataier taught Zaleski when he was a student at the Radiology School.

40.    Ms. Hataier was forced to introduce the young, inexperienced Zaleski to her students as the new Program Director, and as her superior. Many of the students were outraged that Ms. Hataier was demoted.

41.    Upon information and belief, Peconic Bay promoted Mr. Zaleski as a means to humiliate and embarrass Ms. Hataier, with the hope that she would voluntarily retire.

42.    Zaleski even removed her computer and personal belongings from the school's office and placed it in the classroom. This required Petitioner to create lesson plans in the classroom while students were taking other courses taught by Zaleski.

43.    When it became clear that Ms. Hataier would not voluntarily quit, she was promptly terminated. On September 8, 2010, upon returning from summer vacation, Mr. Crowe told Ms. Hataier that she "didn't fit the image of the new radiology school."

## CLAIMS FOR RELIEF

44.    Based on the foregoing, Peconic Bay, discriminated against and terminated Plaintiff Mr. DeCamp because of his age, in violation of the Age Discrimination Act of 1967 (29 U.S.C. § 631 et seq.), and New York State Executive Law § 296.

45.     Based on the foregoing, Peconic Bay, discriminated against and terminated Ms.

Hataier because of her age, in violation of the Age Discrimination Act of 1967

(29 U.S.C. § 631 et seq.), and New York State Executive Law § 296.


**WHEREFORE,** the Plaintiffs demands judgment against the Defendant for all

compensatory, emotional, and psychological demages, lost compensation, front pay, back

pay, injunctive relief, and any other damages permitted by law pursuant to the above

referenced causes of action. It is respectfully requestesd that the Court grant the Plaintiff

any other relief which they are entitled, including but not limited to:

1.   Awarding reasonable attorneys fees and costs and disbursements of this action;

2.   Granting such other and further relief that to the Court seems just and proper.

**Further,** Plaintiffs demand trial by jury.


Dated: Garden City, New York
    May 24, 2011

                                                    THE LAW OFFICE OF
                                                    STEVEN A. MORELLI, P.C.
                                                    Attorneys for Plaintiff
                                                    1461 Franklin Avenue
                                                    Garden City, New York 11530
                                                    (516) 393-9151


                                                    JOSHUA BELDNER

# EXHIBIT A

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **William DeCamp**<br>218 Woodlawn Avenue<br>St. James, NY 11947 | | From: | **New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004** |
|---|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2011-00188** | **V. Guest, Investigator** | **(212) 336-3620** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin Berry*

**Kevin J. Berry,<br>District Director**

APR 15 2011
*(Date Mailed)*

Enclosures(s)

cc: **PECONIC BAY MEDICAL CENTER**
c/o Michael T. McGrath, Esq.
Putney, Twombly, Hall & Hirson, LLP
521 Fifth Avenue
New York, NY 10175

Joshua Beldner, Esq.
**The Law Office of Steven A. Morelli**
1461 Franklin Avenue
Garden City, NY 11530

# EXHIBIT B

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Edwina Hataler**<br>**Po Box 792**<br>**Jamesport, NY 11947** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2011-00187** | **V.Guest, Investigator** | **(212) 336-3620** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)* Kevin J. Berry

**Kevin J. Berry,**
**District Director**

APR 1 5 2011

*(Date Mailed)*

Enclosures(s)

cc:   **PECONIC BAY MEDICAL CENTER**
**c/o Michael T. McGrath, Esq.**
**Putney, Twombly, Hall & Hirson, LLP**
**521 Fifth Avenue**
**New York, NY 10175**

**Joshua Beldner, Esq.**
**The Law Office of Steven A. Morelli**
**1461 Franklin Avenue**
**Garden City, NY 11530**

## VERIFICATION

STATE OF NEW YORK  )
                             ) ss.:
COUNTY OF SUFFOLK )

WILLIAM DECAMP, being duly sworn, states that he has reviewed the foregoing Complaint, and that contents of said Complaint is true to his own knowledge, except as to matters therein stated to be alleged upon information and belief and, as to those matters, he believes them to be true.

WILLIAM DECAMP

Duly sworn to before me this
6th day of May, 2011

NOTARY PUBLIC

RONALD GOODSTADT
NOTARY PUBLIC State of New York
Qualified in Suffolk County
No. 01GO4772910
Commission Expires May 31, 20 14

<u>VERIFICATION</u>

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF SUFFOLK )


EDWINA HATAIER, being duly sworn, states that she has reviewed the foregoing
Complaint, and that contents of said Complaint is true to her own knowledge, except as
to matters therein stated to be alleged upon information and belief and, as to those
matters, she believes them to be true.


*Edwina Hataier*

EDWINA HATAIER


Duly sworn to before me this
9th day of May, 2011

_____
NOTARY PUBLIC


SUSAN J. SHAFFER
Notary Public, State of New York
No. 4777162
Qualified in Suffolk County
Commission Expires April 30, 20, 14